### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

ALLEN SNOW,	)
	)
          Petitioner,	)
	)
v.	)   No. CIV 22-129-RAW-KEW
	)
SCOTT NUNN, Warden,	)
	)
          Respondent.	)

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 9). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his conviction in Muskogee County District Court Case No. CF-2015-19 for three counts of Lewd Molestation and one count of First Degree Rape. He raises the following grounds for relief:

> Ground I:   Oklahoma lacked jurisdiction, because Petitioner has some Indian blood, his crime fell under the Major Crimes Act and occurred in Indian country (Dkt. 1 at 5).
>
> Ground II:   The state court did not use 18 U.S.C. §§ 1152, 1153 to establish jurisdiction for the Indian defendant or the victim, resulting in "racial prejudice." Petitioner's counsel was ineffective in failing to raise this issue. *Id.* at 7.
>
> Ground III:   Petitioner was denied his constitutional right to a speedy trial under the Federal Speedy Trial Act. *Id.* at 8.

Respondent alleges Petitioner has failed to exhaust his state remedies as required by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(b)(1)(A). The following events are relevant to the disposition of the motion:

On November 3, 2021, Petitioner was convicted by a jury in Muskogee County District Court Case No. CF-2015-19 of three counts of Lewd Molestation and one count of

First Degree Rape. He was sentenced to life imprisonment on all counts (Dkts. 1-1, 1-2). On November 8, 2021, Petitioner filed a notice of intent to appeal his Muskogee County conviction in Case No. CF-2015-19 (Dkt. 10-3), however, he claims the result of the appeal is unknown (Dkt. 1 at 2). According to the Oklahoma State Courts Network at https://www.oscn.net (OSCN), after the filing of briefs by Petitioner and the State, on January 20, 2023, the cause was submitted to the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2021-1266. Petitioner raised the following claims in his direct appeal:

| | | |
|---|---|---|
| Proposition I: | | Mr. Snow was denied his right to a speedy trial. |
| Proposition II: | | The trial court erred by allowing child hearsay statements to be admitted under Okla. Stat. tit. 12, § 2803.1. |
| Proposition III: | | The trial court erred in admitting and publishing the forensic interviews into evidence because it resulted in improper bolstering. |
| Proposition IV: | | The state committed multiple instances of prosecutorial misconduct. |
| Proposition V: | | Mr. Snow was denied the effective assistance of counsel. |
| Proposition VI. | | The sentences imposed were excessive. |
| Proposition VII: | | Accumulation of errors. |

*See* OSCN Docket for OCCA Case No. F-2021-1266, Appellant's Brief filed on September 16, 2022.

**Exhaustion of State Remedies**

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In

federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).  *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).  To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding.  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter.  *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

A review of Petitioner's claims shows that he has not raised any of his habeas corpus claims on direct appeal or in a post-conviction proceeding.  While he raises a "speedy trial" claim in both the petition and on direct appeal, the habeas claim is based on the "Federal Speedy Trial Act" (Dkt. 1 at 8), but his direct appeal cites the Sixth and Fourteenth Amendments, the Oklahoma Constitution, and Oklahoma Statutes, *see* OCCA appellant's brief at p.5, filed Sept. 16, 2022.  The Speedy Trial Act of 1974, 18 U.S.C. § 3161, concerns time limits for federal, not state, criminal prosecutions.  Petitioner was charged with state crimes, and he was tried in a state district court.  Therefore, the habeas claim is not the same as the claim before the OCCA.

Further, Petitioner cannot show that at the time he filed his habeas petition, he had "no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citing *Anderson v. Harless*, 459 U.S. 4, 8 (1982).  He claims throughout his petition that his claims are not subject to the exhaustion requirement, because Oklahoma courts lack "jurisdiction" over his offenses, and he thus has no available avenue for corrective process (Dkt. 1 at 5, 8, 12-13).  The Western District of Oklahoma recently rejected a similar

argument:

> Liberally construing his objections, Petitioner contends he did not have to exhaust his state remedies because Oklahoma lacks subject matter jurisdiction under the Supreme Court's recent decision *in McGirt v. Okla.*, 140 S. Ct. 2452 (2020). Petitioner is incorrect and he must exhaust his state court remedies before proceeding in habeas corpus.

*Waddell v. Crow*, No. CIV 21-587-J, 2021 WL 2932742, at *1 (W.D. Okla. July 12, 2021) (unpublished) (citations omitted).

Further, Petitioner's argument incorrectly presupposes that the state court was without authority to sentence him and that his conviction is void, rather than voidable. Even assuming that an Indian Country claim implicates jurisdiction,[1] "the issue of whether a court has proper jurisdiction is a legal one, and hence, no conviction is 'void from its inception' for lack of jurisdiction until a court with review authority has so declared." *United States v. Mayfield*, 810 F.2d 943, 946 (10th Cir. 1987) (rejecting the district court's "conclusion that, because the state court lacked jurisdiction, Mayfield's conviction is and always has been void"). Therefore, Petitioner's conviction, regardless of the merits of his prosecutorial authority claim, is not void, and he still must exhaust his claim in state court. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. 9) is GRANTED.

**Motion to Stay**

Petitioner has filed a motion to stay this case to exhaust his state remedies (Dkt. 11).

---

[1] Petitioner frames the issue as a jurisdictional claim. Doc. 1 at 5. His claim, however, is more accurately described as one challenging the State's prosecutorial authority, as Oklahoma's courts enjoy unlimited subject matter jurisdiction, and the Major Crimes Act, 18 U.S.C. § 1153, does nothing to deprive the State of jurisdiction. Okla. Const. art. VII, § 7. *Cf. also United States v. Tony*, 637 F.3d 1153, 1158-59 (10th Cir. 2011) ("The Indian Country nexus, like other similar nexuses in the context of federal crimes, has been called a 'jurisdictional element' but it is jurisdictional only in the shorthand sense that without that nexus, there can be no federal crime. The absence of a required element is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case." (citations and quotation marks omitted)).

He asserts he has made numerous attempts to contact his appointed appellate attorney but has received no response. He want a stay to seek a state remedy or a writ of habeas corpus from this court for ineffective assistance of trial and appellate counsel.

Respondent has filed an objection to Petitioner's motion to stay, alleging Petitioner's claims are wholly unexhausted, and his state court direct appeal still is pending (Dkt. 12). Respondent thus maintains that the case should be dismissed based on lack of exhaustion and the abstention doctrine pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

The issuance of a stay would frustrate the purposes of AEDPA. To allow Petitioner to leap ahead of his direct appeal and hold his habeas filing period open would "undermine[] AEDPA's goal of streamlining federal habeas proceedings by decreasing [the] petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines v. Weber*, 544 U.S. 269, 277 2005) (citing *Duncan v. Walker*, 533 U.S. 167, 180 (2001)).

After careful review, the Court finds Petitioner's motion to stay should be denied. None of his habeas claims has been raised in his direct appeal, therefore, a stay would accomplish nothing. Petitioner asserts he sought further review by the OCCA, but the status of the proceedings is unknown (Dkt. 1 at 3-4). He also claims he filed an application for post-conviction relief on an unknown date in Muskogee county Case No. CF-2015-19, but it was denied. *Id.* at 3. According to the docket for that case, however, no such application was filed (Dkt. 10-1). He states both that he appealed the denial of his post-conviction application to the OCCA and that he did not file an appeal, because Oklahoma "has an absence of available corrective process." *Id*. at 5. Petitioner's motion to stay (Dkt. 11) is DENIED.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the

5

denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Respondent's motion to dismiss (Dkt. 9) is GRANTED, Petitioner's motion to stay (Dkt. 11) is DENIED, and Petitioner is DENIED a certificate of appealability. All remaining pending motions are DENIED AS MOOT.

**IT IS SO ORDERED** this 3rd day of February 2023.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma